RATHBONE (HOOPER v.). See Case No. 6,676.

## Case No. 11,585.

RATHBONE et al. v. ORR et al.

[1 Fish. Pat. Rep. 355; 5 McLean, 131.]

Circuit Court, D. Michigan. June, 1850.

PATENTS—ASSIGNMENT PRIOR TO APPLICATION—PLEADING AT LAW.

1. The thing invented is the property of the inventor, as much so as the manuscript of an author. Either may be assigned. See Act March 3, 1839, § 7 [5 Stat. 354].

2. The right to an invention is in an inventor as exclusively before the patent as after it, but he must do no act to abandon it to the public.

3. There is a right of property in an invention, as well before as after application for a patent for the same, and this right can be sold in the market.

4. An invention can be validly sold prior to an application for letters patent for it.

[Cited in Maurice v. Devol, 23 W. Va. 256.]

5. It is immaterial whether the invention is perfected or not at the time of the sale, if the inventor agrees to make it perfect and procure a patent.

6. In an action on the case, for the infringement of letters patent for an invention, where the declaration averred that the inventor did, before issuing of the letters patent, etc., assign his right, title, and interest in the said invention or design to the said plaintiffs, etc., and the defendant demurred thereto, because the assignment was not alleged to have been made after the application for the patent: *Held*, the averment was sufficient, and the demurrer must be overruled.

[Cited in May v. Page, 60 N. Y. 629.]

Action on the case [by John W. Rathbone and Ellis Baker against John Orr, John Niles, and Edwin Hollister]. Demurrer to the declaration. Suit brought on letters patent for "design for stoves," Addison Low, inventor, who assigned same, October 7, 1845, to Rathbone & Co., under which name the plaintiffs did business. The facts of the case and the points raised on demurrer are sufficiently stated in the opinion of the court.

Azor Taber and John S. Chipman, for plaintiffs.

J. F. Joy and J. L. Jernegan, for defendants Orr and Hollister.

OPINION OF THE COURT. This action charges the defendant with an infringement of their patent for a stove. In the declaration it is averred that the inventor did, before issuing of the letters patent, etc., assign his right, title and interest in the said invention, or design, to the said plaintiffs, in the name and style of Rathbone & Co.; as by the assignment, reference being thereto had in said letters patent, will more fully appear, which assignment is duly executed and recorded in patent office.

The defendant demurred to the declaration, because the assignment is not alleged to have been made after the application for the patent.

An invention of a machine may as well be sold before as after the application for a patent. The thing invented is the property of the inventor, as much so as the manuscript of an author. Either may be assigned. This is recognized in a late statute (Act March 3, 1839, § 7): "Where a purchase of the thing invented has been made prior to the application for a patent, he shall be held to possess the right to use, and vend to others to be used, the specific machine," etc. And this, it is declared, shall not be held to invalidate the patent. This gives the right, not only to use the specific machine, but to sell to others to be used; which gives him an interest, it would seem, equal to that of the patentee.

The law requires the application for the patent to be made by the inventor; and it should be issued in his name. This must, necessarily, be a part of the contract, and no objection is perceived to it. The discoverer sells his right, and obligates himself to obtain the patent. The right is in the inventor as exclusively before the patent as after it; but he must do no act to abandon it to the public. He is not protected against another inventor of a similar instrument or machine, at a subsequent period, nor if any one should pirate the thing. A patent covers these, and enables the patentee to sell his invention publicly, under its protection.

It is a mistake to suppose that there can be no right of property, until application is made for a patent. There is no right which will give the inventor an action for an infringement of the invention; but the invention, if valuable, is property which may be sold in the market, the inventor undertaking to procure a patent.

In many cases, the inventor is too poor to incur the expense of a patent; and, to enable him to meet this expense, one-half or one-fourth of the right has been sold to an individual who makes the necessary advances. Such a contract is valid. Whether the machine is perfected or not, at the time of the sale, if the inventor agrees to make it perfect, and procure a patent, is immaterial.

The demurrer to the second count in the declaration is overruled.

---

RATHBONE (UNITED STATES v.). See Case No. 16,121.

RATHBURN (OREGON & W. TRUST INVESTMENT CO. v.). See Cases Nos. 10,554 and 10,555.

RATLER, The (JONES v.). See Case No. 7,490.

RAVARA (UNITED STATES v.). See Case No. 16,122.